**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Bernard Lee HARRIS,
Defendant-Appellant.**

**No. 85–3120.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 6, 1986.

Decided June 19, 1986.

---

Kenneth G. Bell, Harry McCarthy, Asst. U.S. Atty., Seattle, Wash., for plaintiff-appellee.

Michael Martin, Asst. Federal Public Defender, Seattle, Wash., for defendant-appellant.

Before: DUNIWAY, WRIGHT, and ANDERSON, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

Harris appeals his convictions of armed robbery and use of a firearm to commit a felony. He contends the evidence was insufficient to prove he carried a dangerous weapon or device or a firearm. He also argues that evidence of his flight from a police officer eight days after the crime may not be admitted absent a showing that he knew he was a suspect and was being sought for the crime. We find these contentions without merit and affirm the convictions.

FACTS

On an afternoon in March 1985, a branch of Seattle-First National Bank was robbed. The lone robber was a white male wearing a ski mask, glasses and tennis shoes.

Bank employees testified that the robber had a gun and aimed it at a teller's face. Surveillance photographs showed the robber pointing a gun at the face of a teller. A bank customer looked closely at the gun when the robber twice bumped into him. He testified that he was familiar with

guns, and that this weapon "was gunmetal" and "appeared to be either a .38 or .45 automatic" with the hammer cocked. The gun was not produced at trial.

The robber fled the bank on foot, pulling off his ski mask as he ran. Two witnesses testified that about 15 minutes later, they saw a "blue and white Chevy pickup" driving rapidly through a parking lot about a block from the bank. One noticed that it had California plates and recorded the last numbers. The partial number was "M or W 8533."

Eight days later, a Seattle police officer stopped a blue and white Chevrolet pickup truck with California license 2E75853, driven by a white male. The truck stopped, two female passengers got out, and the truck sped away with the officer in pursuit. He eventually gave up the chase.

Federal agents later found the abandoned truck which contained Harris's driver's license. The parties stipulated that Harris was the registered owner of the Chevrolet truck. One passenger who had left the vehicle testified that she knew Harris and that he was its driver.

### PROCEEDINGS BELOW

On April 2, 1985, Harris was arrested pursuant to an arrest warrant. A grand jury returned a superseding indictment charging two counts: (1) bank robbery while assaulting or putting in jeopardy the life of any person by the use of a dangerous weapon or device, violating 18 U.S.C. § 2113(a), (d); and (2) using a firearm to commit a felony, violating 18 U.S.C. § 924(c). A jury found Harris guilty on both counts.

### DISCUSSION

### A. STANDARD OF REVIEW

When reviewing the sufficiency of the evidence to support a criminal conviction, the standard of review is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt. *United States v. Terry*, 760 F.2d 939, 941 (9th Cir.1985); *United States v.*

*Foster*, 711 F.2d 871, 875 (9th Cir.1983), *cert. denied*, 465 U.S. 1103, 104 S.Ct. 1602, 80 L.Ed.2d 132 (1984). All reasonable inferences must be drawn in favor of the government, and circumstantial evidence is sufficient to sustain a conviction. *Id.* at 875.

The standard of review for the district court's evidentiary rulings is abuse of discretion. *United States v. De Rosa*, 783 F.2d 1401, 1408 (9th Cir.1986). We examine whether the judge considered the relevant factors in arriving at her decision and whether she has made a clear error in judgment. *Id.*

### B. "DANGEROUS WEAPON OR DEVICE" AND "FIREARM"

Bank robbery is defined at 18 U.S.C. § 2113(a). Section 2113(d) imposes additional penalties for bank robbers who "assault any person, or ... jeopard[ize] the life of any person by the use of a dangerous weapon or device...." 18 U.S.C. § 2113(d). Harris argues that the evidence was insufficient to prove that he carried a dangerous weapon or device.

■ The Supreme Court held, shortly before this case was submitted, even an "unloaded gun [is] a 'dangerous weapon' within the meaning of 18 U.S.C. § 2113(d)." *McLaughlin v. United States*, (1986), —— U.S. ——, 106 S.Ct. 1677, 1678, 90 L.Ed.2d 15. The record shows overwhelmingly that Harris carried a gun during the robbery.

■ Harris argues also that the government has failed to prove its case under 18 U.S.C. § 924(c), which outlaws the use of a firearm to commit a felony. Section 921(a)(3) defines "firearm" to include "any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive, as well as the frame or receiver of such a weapon." It does not require a weapon be operable. *See United States v. Goodheim*, 686 F.2d 776, 778 (9th Cir.1982). Harris's contentions are therefore without merit.

## C. EVIDENCE OF FLIGHT

Harris contends that the court erred in admitting evidence of flight eight days after the robbery. He argues that, in order to establish relevance, the government must show that either he knew he was a suspect in the robbery investigation or the flight occurred immediately after the crime.

Evidence of flight is generally admissible as evidence of consciousness of guilt and of guilt itself. *United States v. Guerrero*, 756 F.2d 1342, 1347 (9th Cir. 1984); *United States v. Greiser*, 502 F.2d 1295, 1299 (9th Cir.1974). The relevance and the probative value of the evidence are, in the first instance, for the judge. His admission of the evidence is an implied finding of relevance and materiality.

Thereafter, the probative value of flight evidence depends upon all facts and circumstances and is a question of fact for the jury. *United States v. Tille*, 729 F.2d 615, 622 (9th Cir.), *cert. denied,* —— U.S. ——, 105 S.Ct. 156, 83 L.Ed.2d 93 (1984). The government need not, as a condition of admissibility, lay a foundation that the defendant knew he was being sought for the crime charged. *See Shorter v. United States,* 412 F.2d 428, 430 (9th Cir.), *cert. denied,* 396 U.S. 970, 90 S.Ct. 454, 24 L.Ed.2d 436 (1969).

Harris relies on *Guerrero, Tille,* and *United States v. Myers,* 550 F.2d 1036 (5th Cir.1977), later appeal, 572 F.2d 506 (5th Cir.1978) (unrelated issues), *cert. denied,* 439 U.S. 847, 99 S.Ct. 147, 58 L.Ed.2d 149 (1978). His reliance is misplaced. *Tille* holds that the probative value of flight evidence is a jury question. *Tille,* 729 F.2d at 622. The court noted that Tille knew of the charges against him only to support its holding that a flight instruction was appropriate. *Id.* In *Guerrero,* reaffirming that evidence of flight is generally admissible as showing consciousness of guilt, we noted only in dictum that, in addition to satisfying admissibility requirements, the flight evidence met the more demanding test for sufficiency. *Guerrero,* 756 F.2d at 1347.

The question in *Myers* was whether the court erred in instructing the jury that it could infer consciousness of guilt solely from evidence of flight. *Id.* at 1048–51. *Myers* was concerned with sufficiency rather than relevancy. Admissibility of flight evidence was not at issue. *Myers* itself states: "It is universally conceded that the fact of an accused's flight ... [is] admissible as evidence of consciousness of guilt, and thus of guilt itself." *Id.* at 1049.

In *Shorter v. United States,* 412 F.2d 428, 430, we held the government need not show, as the criterion for admissibility, that the defendant "knew he was being sought for the particular offense charged." That showing is necessary only where flight is the sole evidence of identity. *See id.*

Here, eyewitnesses identified Harris as the bank robber, and the jury's verdict was not based solely on the flight evidence.

The judgment of the district court is AFFIRMED.