924 F.2d 1064
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 UNITED STATES of America, Plaintiff-Appellee,
v.
VICTOR HUGO X (Juvenile), Defendant-Appellant.
 No. 89-50402.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 21, 1990.*
Decided Jan. 28, 1991.
 Before HUG, WILLIAM A. NORRIS and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Victor Hugo X, a juvenile, appeals his conviction, following a bench trial, for juvenile delinquency for possession of cocaine with intent to distribute pursuant to 18 U.S.C. Sec. 5032 and 21 U.S.C. Sec. 841(a)(1). He contends that there was insufficient evidence to convict him. Because we conclude, viewing the evidence in a light most favorable to the prosecution, that there was sufficient evidence to convict him, we affirm. See United States v. Harris, 792 F.2d 866, 868 (9th Cir.1986).
 
 
 3
 We reject Hugo X's claim that the government did not adequately prove that the evidence tested to be cocaine was obtained from the bag he was carrying. Hugo X was arrested while carrying a duffel bag containing 42 kilo-size packages of a white powdery substance. Reporter's Transcript ("RT") 14-15. Nine other individuals with whom he was traveling also were arrested carrying similar packages, creating a total of 421 packages. RT 36. The Drug Enforcement Agency ("DEA") inspected all of the packages visually and conducted a color test of each sample. RT 41-43. In addition, the DEA randomly tested 21 of the 421 packages and concluded that they constituted cocaine. RT 38-40, 47-54.
 
 
 4
 Hugo X contends that the government could not prove that any of the tested packages came from his backpack. This claim is without merit. The visual and color inspections of the samples provided circumstantial evidence that the substance contained in Hugo X's backpack was cocaine. In addition, there is a high statistical probability that one or more of the tested packages came from his backpack. Moreover, the circumstances under which Hugo X was caught--walking after dark near the Mexican border with nine other people carrying duffel bags filled with a white powdery substance--are probative of guilt. Viewing this evidence in the light most favorable to the prosecution, we conclude that there was sufficient evidence to convict Hugo X. See Harris, 792 F.2d at 868.
 
 
 5
 We likewise reject Hugo X's claim that the government did not show that he knew the substance he was carrying was cocaine. He was arrested after dark near the Mexican border carrying the duffel bag containing the cocaine. The nine people accompanying him also were carrying cocaine. Such circumstantial evidence is sufficient to support the finding that Hugo X knowingly possessed cocaine. See United States v. Walitwarangkul, 808 F.2d 1352, 1353-54 (9th Cir.), cert. denied, 481 U.S. 1023 (1987) (mere possession of a large quantity of narcotics may be sufficient in some cases to indicate knowledge); United States v. Collins, 764 F.2d 647, 652 (9th Cir.1985) ("mere possession of a substantial quantity of narcotics is sufficient to support a finding of defendant's knowledge").
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3