951 F.2d 363
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald CHAMBERS, Defendant-Appellant.
 No. 90-50631.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 26, 1991.*
Decided Dec. 12, 1991.
 
 Before HUG, POOLE and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Donald Chambers appeals his conviction following a bench trial for using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1). Chambers contends that the evidence was insufficient to support his conviction. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 "We will uphold a conviction if [ ]'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. [ ]' " United States v. Torres-Medina, 935 F.2d 1047, 1048 (9th Cir.1991) (quoting United States v. Orozco-Santillan, 903 F.2d 1262, 1264 (9th Cir.1990))
 
 
 4
 To prove a violation of section 924(c)(1) the government must establish two elements: (1) "the firearm at issue was 'related to,' or played some role in, the underlying crime;" and (2) the defendant must have 'used' or 'carried' the firearm."[1] Torres-Medina, 935 F.2d at 1048-49 (footnote omitted). The firearm need not be produced at trial. United States v. Harris, 792 F.2d 866, 868 (9th Cir.1986) (evidence based solely on the testimony of the victim is sufficient to establish the existence of a firearm).
 
 
 5
 Here, the government presented sufficient evidence to support the district court's conclusion that Chambers robbed postal carrier Eric Richie at gunpoint. Richie testified at trial that he was sitting in his postal jeep with the engine on while preparing to deliver the mail, when Chambers approached him with a gun. Chambers pointed the gun down towards him and ordered him to exit the jeep. Next, Chambers entered the jeep and drove away. Chambers testified that he had no weapon in his possession during the commission of the robbery. No firearm was introduced into evidence at trial.
 
 
 6
 By questioning the sufficiency of the evidence, Chambers appears to suggest that Richie's testimony is not credible because Chamber's testimony contradicts it. "Credibility determinations, however, are matters left to the trier of fact." United States v. Vasquez, 858 F.2d 1387, 1391 (9th Cir.1988). In convicting Chambers, the district court clearly found Richie's testimony credible.
 
 
 7
 In light of this evidence, we hold that a rational trier of fact could have found that Chambers used a firearm to commit the robbery. See Torres-Medina, 935 F.2d at 1050.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 18 U.S.C. § 924(c)(1) states in pertinent part:
 Whoever, during and in relation to any crime of violence ... uses or carries a firearm, shall, in addition to the punishment provided for such crime ... be sentenced to imprisonment for five years....
 18 U.S.C. § 924(c)(1) (1991).