32 F.3d 572
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ruben Dario CADAVID, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Daniel MENCOS, aka Rodolfo Daniel Santizo Hurtarte,
Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Rachid ABDALA, Defendant-Appellant.
 Nos. 93-50278, 93-50285 and 93-50315.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 7, 1994.
Decided July 25, 1994.
 
 Before: FLETCHER, CANBY, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Daniel Mencos, Jose Abdala, and Ruben Cadavid appeal their jury convictions for conspiracy to possess cocaine with intent to distribute, and possession of cocaine with intent to distribute (21 U.S.C. Secs. 841(a)(1) and 846). Abdala also appeals his sentence.
 
 
 3
 The district court had jurisdiction pursuant to 18 U.S.C. Sec. 3231. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and 18 U.S.C. Sec. 3742 and we affirm.
 
 I.
 
 4
 Codefendants Abdala and Cadavid argue that there was insufficient evidence to support their convictions for conspiring to possess and possessing with the intent to distribute cocaine in violation of 21 U.S.C. Secs. 846 and 841(a)(1). A conspiracy consists of an agreement to engage in criminal activity coupled with one or more overt acts in furtherance of the conspiracy. United States v. Buena-Lopez, 987 F.2d 657, 659 (9th Cir.1993). The agreement can be inferred from the defendant's acts or other circumstantial evidence. Id. Once the existence of the conspiracy is demonstrated, substantial evidence of even a slight connection to the conspiracy is sufficient to establish a defendant's knowing participation in the conspiracy. Id. There are three distinct legal theories capable of supporting a possession charge: 1) coconspirator liability; 2) aiding and abetting; and 3) exercising dominion or control over the contraband. See United States v. Mares, 940 F.2d 455, 460 (9th Cir.1991). Here, the evidence was sufficient to convict Abdala and Cadavid on both counts of conviction.
 
 
 5
 A. Abdala.
 
 
 6
 The evidence showed that codefendant Mencos parked a pick up truck with a camper shell containing 155 kilograms of cocaine in a parking lot. Mencos left the keys to the ignition and the camper shell on the floor of the truck and left the doors unlocked.[1] A witness testified that Abdala and codefendant Estrada later approached the truck and swiveled their heads in a manner consistent with countersurveillance techniques. Abdala then entered the driver's seat and put a key into the ignition, at which point police officers approached the vehicle. Abdala responded by running from the pickup and trying to get away. Abdala was carrying a pager at the time of his arrest and was wearing what appeared to be valuable jewelry.
 
 
 7
 Viewed in the light most favorable to the government, the above facts are sufficient to support Abdala's convictions. The jury could have reasonably found the existence of an agreement, an overt act, and knowing participation from the following: 1) the combined efforts of the numerous codefendants (e.g. loading the truck, parking the truck with the keys inside); 2) Abdala's countersurveillance techniques in the parking lot; 3) Abdala's actions of getting into the driver's seat of the pick up and putting the keys in the ignition; and 4) Abdala's attempted flight after being approached by the officers. See Buena Lopez, 987 F.2d at 659; United States v. Penagos, 823 F.2d 346, 349 (9th Cir.1987). We find the evidence sufficient to support Abdala's conspiracy conviction.
 
 
 8
 The evidence regarding Abdala's conviction for possession with intent to distribute was also sufficient. A reasonable jury could have found that Abdala knew cocaine was in the truck by virtue of his countersurveillance techniques and his attempted flight. See United States v. Harris, 792 F.2d 866, 869 (9th Cir.1986) (evidence of flight generally admissible as evidence of consciousness of guilt and of guilt itself). A reasonable jury could also have concluded that Abdala exercised dominion and control over the drugs by virtue of the fact that: 1) he got into the driver's seat of the truck and presumably would have transported the drugs had he not been arrested, and 2) codefendant Mencos testified that he left the keys to the camper shell, where the drugs were located, on the floor of the pickup. We affirm Abdala's convictions on both the conspiracy and the possession charges.
 
 
 9
 B. Cadavid.
 
 
 10
 Viewed in the light most favorable to the government, the evidence against Cadavid showed: 1) he was paid $3500 to live rent free in an apartment containing boxes that held roughly 469 kilograms of cocaine; 2) he made a post-arrest statement that he suspected the boxes contained cocaine; 3) behind a closed garage door, he transferred boxes containing cocaine, from a truck into his residence; and 4) the following day, behind a garage door that he closed, he and Mencos loaded the boxes containing cocaine from the residence to a different truck. This evidence is sufficient to support Cadavid's convictions on both the conspiracy count and the possession count.
 
 
 11
 Cadavid correctly asserts that the facts that he resided in a house where cocaine was stored and that he may have known the boxes contained cocaine are not sufficient, standing alone, to support his convictions for conspiracy or possession. See United States v. Vasquez-Chan, 978 F.2d 546, 550-53 (9th Cir.1992); United States v. Ramirez, 880 F.2d 236, 238 (9th Cir.1989). Here, however, the record demonstrates that Cadavid undertook actions that affirmatively furthered the illegal objective of the conspiracy. Specifically, he unloaded two boxes of cocaine from a truck on one day. Then, on the next day, he helped unload six boxes of cocaine into a different truck. Compare Vasquez-Chan, 978 F.2d at 548 (stating that neither defendant was seen assisting in the delivery). When coupled with his statement that he suspected these boxes contained cocaine and that he was paid $3500 to live rent free in an apartment, Cadavid's actions are not "perfectly consistent with that of an innocent person having no stake or interest in drug transactions." Id. at 551 (quoting Penagos, 823 F.2d at 349). A jury could reasonably have found the existence of an agreement, an overt act, and knowing participation and we therefore affirm Cadavid's conviction on the conspiracy charge.
 
 
 12
 There is also sufficient evidence, under an aiding and abetting theory, to support Cadavid's conviction on the possession charge. Under Sec. 841(a), a person who aids and abets is as responsible for that act as if he committed it directly. See United States v. Savinovich, 845 F.2d 834, 838 (9th Cir.), cert. denied, 488 U.S. 943 (1988). To be guilty of aiding and abetting another person, it is enough that the defendant associate with the criminal venture, participate in it, and seek by his actions to make it succeed. Id. The evidence is overwhelming that codefendant Mencos possessed cocaine with the intent to distribute. A jury could reasonably have found that Cadavid intentionally assisted Mencos' illegal objective by unloading and loading boxes that he suspected to contain cocaine. By undertaking these actions, Cadavid crossed the line between mere spectator, see Vasquez-Chan, 978 F.2d at 552, and active participant, see Savinovich, 845 F.2d at 838. We find the evidence sufficient to support Cadavid's conviction on the possession charge.
 
 II.
 
 13
 Each appellant argues that he is entitled to a new trial, or at least an evidentiary hearing, because of jury misconduct. A jury must consider only the evidence that is presented to it in open court. See Bayramoglu v. Estelle, 806 F.2d 880, 887 (9th Cir.1991). If extrinsic evidence is presented to a jury, the defendant is entitled to a new trial if there is a reasonable possibility that the extrinsic material could have affected the verdict. United States v. Navarro-Garcia, 926 F.2d 818, 821 (9th Cir.1991). We review for abuse of discretion the denial of a motion for an evidentiary hearing addressing allegations that a jury improperly considered extrinsic evidence. Navarro-Garcia, 926 F.2d at 821.
 
 
 14
 Appellants argue that the jury improperly considered extrinsic evidence pertaining to matters affecting the credibility of codefendant Abdala. The jury discussed during deliberations the jewelry that Abdala was wearing at the time of his arrest. Juror Sarah Berman stated that she had knowledge of the street corner where Abdala and Estrada claimed to be picked up and that the day laborers who congregated there did not wear jewelry. Berman also stated that she was familiar with the jeweler whose card was found in Abdala's wallet and that it was a high class store. She noted that the jeweler did sell Rolex watches, the type that the Government alleged Abdala was wearing at the time of his arrest. Thus, it appears that the following extrinsic evidence was actually received and considered by the jury: 1) out-of-court observations of day laborers who were not wearing jewelry and 2) out-of-court information regarding the jewelry store named on the business card in Abdala's wallet.[2]
 
 
 15
 Among the three appellants, Abdala obviously has the strongest argument for an evidentiary hearing or a new trial. His "innocent day laborer" defense was based solely on a lack of knowledge and the extrinsic evidence considered by the jury bore on his credibility. However, as evidenced by the district court's sentencing adjustment for perjury, Abdala's testimony at trial was unbelievable. We also note that the evidence was somewhat cumulative given that the defense introduced photographs of day laborers at the relevant street corner. Moreover, the effect of the evidence on Abdala's credibility was lessened because he had testified that he didn't normally wear jewelry at the street corner. Finally, the jury was specifically instructed to consider only evidence adduced at trial. We therefore find that no reasonable possibility exists that the verdict against any of the appellants was affected by the jury's consideration of extrinsic evidence.
 
 III.
 
 16
 Abdala claims that the district court erroneously permitted Investigator Brower to opine that: 1) Abdala utilized a countersurveillance technique in the parking lot; 2) a vehicle switch occurred in the parking lot; 3) Abdala's possession of a pager with a missing clip and identification numbers was significant; and 4) the use of unwitting day laborers would not be consistent with the way drug dealers operate.[3] Abdala argues that this expert testimony was unduly prejudicial because it constituted "profile" evidence and improperly invaded the province of the jury.[4]
 
 
 17
 A drug courier profile is "an abstract of characteristics found to be typical of persons transporting illegal drugs." Florida v. Royer, 460 U.S. 491, 493 n. 2 (1983). Drug courier profile testimony is not admissible as substantive evidence of guilt. United States v. Lui, 941 F.2d 844, 848 (9th Cir.1991); United States v. Beltran-Rios, 878 F.2d 1208, 1211 (9th Cir.1989). However, law enforcement officers can give expert testimony that a defendant's activities were in accord with usual criminal modus operandi. United States v. Espinoza, 827 F.2d 604, 612 (9th Cir.1987), cert. denied, 485 U.S. 968 (1988).
 
 
 18
 Here, Brower's testimony did not constitute profile evidence. We have affirmed a district court's admission of expert testimony regarding a defendant's attempt to avoid surveillance. See United States v. Stewart, 770 F.2d 825, 831 (9th Cir.1985) (allowing admission of expert opinion that defendant was employing countersurveillance techniques), cert. denied, 474 U.S. 1103 (1986). We have similarly allowed testimony regarding the extensive use of pagers by drug dealers and organizations, see United States v. Crespo de Llano, 838 F.2d 1006, 1018 (9th Cir.1987), and expert testimony on the likelihood of a drug organization entrusting large amounts of money to unknowing persons. See United States v. Castro, 972 F.2d 1107, 1111 (9th Cir.1992) (jury could reasonably find that defendant knowingly possessed drugs because "Government experts testified that amount of cocaine, valued in the millions of dollars, would have never been entrusted to an unknowing dupe."), cert. denied, 113 S.Ct. 1350 (1993).
 
 
 19
 Furthermore, Brower's testimony that Abdala had participated in a car switch was not profile evidence offered as substantive evidence of guilt. Rather, the record reveals that Brower's passing reference to the car switch was made in an effort to explain why he signaled for an arrest at that particular time. This use of the car switch reference is not objectionable. See United States v. Gomez-Norena, 908 F.2d 497, 501 (9th Cir.) (allowing testimony that allegedly concerned the drug courier profile because it merely "provide[d] the jury with a full and accurate portrayal of the events as they unfolded"), cert. denied, 498 U.S. 947 (1990). We reject Abdala's claim that the district court abused its discretion in admitting Brower's expert testimony.
 
 IV.
 
 20
 Section 3C1.1 of the Sentencing Guidelines states "If a defendant willfully obstructed or impeded, or attempted to obstruct or impede the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by 2 levels." Application Note 3 to the Commentary Section of this guideline indicates that this section applies when a defendant commits perjury. The legal conclusion that a defendant's conduct constituted an obstruction of justice within the meaning of Sec. 3C1.1 is reviewed de novo, while factual determinations made in the application of Sec. 3C1.1 are reviewed for clear error. United States v. Acuna, 9 F.3d 1442, 1444 (9th Cir.1993).
 
 
 21
 Abdala contends that the district court failed to make sufficient findings or clearly explain the basis of its two level upward adjustment for obstruction of justice.[5] The district court need not enumerate specific portions of testimony as perjurious. See United States v. Arias-Villanueva, 998 F.2d 1491, 1512 (9th Cir.), cert. denied, 114 S.Ct. 359 (1993). Rather, the Supreme Court has stated that the district court's determination would be sufficient if "the court makes a finding of an obstruction or impediment of justice that encompasses all of the factual predicates for a finding of perjury." United States v. Dunnigan, 113 S.Ct. 1111, 1117 (1993). "A witness testifying under oath must therefore be found to give material false testimony with the willful intent to provide false testimony, rather than as the result of confusion, mistake or faulty memory." Arias-Villanueva, 998 F.2d at 1512.
 
 
 22
 Here, the district court simply stated "[t]here is little doubt in my mind that you indeed perjured yourself on the stand". This finding, which is supported by the record, sufficiently demonstrates a finding that Abdala's testimony was false and willful. See id. at 1512-13 (affirming obstruction enhancement where district court's only explanation was that defendant's testimony was solely for the purpose of obstructing justice).
 
 
 23
 The content of the false testimony was Abdala's claim that he left the truck in the parking lot not to evade the police, but because he did not know how to operate a stick shift vehicle. This testimony is clearly material, see United States v. Clark, 918 F.2d 843, 846 (9th Cir.1990); remand is unnecessary despite the district court's failure to make an explicit determination of materiality. See Arias-Villanueva, 998 F.2d at 1512-13. We affirm the district court's imposition of a sentencing enhancement for obstruction of justice.
 
 
 24
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 There was conflicting evidence at trial as to whether Mencos left keys to the camper shell on the floor of the truck. While the ignition keys were found upon Abdala's arrest, the keys to the camper shell were not. Mencos was later found to have keys to the camper shell. However, Mencos testified that more than one key to the camper shell existed and that he left one of the keys to the camper shell on the floor of the truck
 
 
 [2]
 Additionally, Appellants argue that there was improper juror speculation relating to the national origin of the various codefendants. This argument is without merit because such speculation does not constitute extrinsic evidence. See Fed.R.Evid. 606(b). Appellants Abdala and Cadavid also make reference to possible jury speculation on whether their attorneys were privately retained. However, neither appellant discusses this topic and nothing in the record suggests that it may have affected the verdict
 
 
 [3]
 Abdala also argues that the district court erred in allowing rebuttal testimony by DEA Agent Marcello. However, Abdala first mentions this argument in his Reply Brief and we therefore need not address it
 
 
 [4]
 Abdala also argues that Brower was not qualified as an expert and that insufficient foundation and factual basis exists for his opinion. These arguments lack merit. Brower had ten years experience in law enforcement, the last four devoted exclusively to drug cases. He has had substantial interaction with drug suspects and has previously testified in numerous cases. The record demonstrates that a sufficient foundation and factual basis existed for Brower's testimony
 
 
 [5]
 Abdala also argues that there was no evidentiary hearing and that he was not given an adequate opportunity to present his position before the court. This argument is without merit. Abdala apparently did not request an evidentiary hearing in the district court and the record indicates that he was given ample opportunity, before and during the sentencing hearing, to present his position