91 F.3d 156
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Kenneth GARDNER, Defendant-Appellant.
 No. 95-55842.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 9, 1996.*
Decided July 15, 1996.
 
 Before: HUG, Chief Judge, SCHROEDER and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner James Kenneth Gardner appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion challenging his conviction and sentence for unarmed bank robbery (18 U.S.C. § 2113(a)), armed bank robbery (18 U.S.C. § 2113(a), (d)), and use of a firearm during a crime of violence (18 U.S.C. § 924(c)). He contends: (1) there was insufficient evidence to support his convictions for armed robbery and use of a firearm during a robbery; (2) his double jeopardy rights were violated when the government tried him for the armed robbery counts after he pled guilty to the unarmed components of those counts; (3) the trial judge failed to properly instruct the jury; (4) the trial court erred in calculating the base offense levels for his robbery convictions; and (5) he received ineffective assistance of counsel at both the trial and appellate level. We have jurisdiction under 28 U.S.C. § 2255. We review de novo, Sanchez v. United States, 50 F.3d 1448, 1451 (9th Cir.1995), and we affirm.[1]
 
 I. Sufficiency of the Evidence
 
 3
 Gardner contends there was insufficient evidence that he had a firearm on his person during the robberies and therefore his convictions for armed robbery in violation of 18 U.S.C. §§ 2113 (a) and (d) and for using or carrying a firearm during a crime of violence in violation of 18 U.S.C. 924(c) cannot stand.
 
 
 4
 We review the evidence presented against Gardner in the light most favorable to the government to determine whether " 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Shirley, 884 F.2d 1130, 1134 (9th Cir.1989) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).
 
 
 5
 Here, the direct and circumstantial evidence presented at trial was sufficient to show that Gardner used a firearm during the robberies. See id. With regard to the robbery occurring on October 31, 1990, a bank employee testified that Gardner pointed a gun at him and described the gun as a "brown handle semi-automatic." With regard to the robbery occurring on November 16, 1990, a bank teller testified that Gardner pointed his jacket to show her that he had a gun. She testified that she "knew it was a revolver, because it had a brown handle" and because she was familiar with guns. The record shows that the gun that was seized from Gardner's residence and admitted during trial had a brown handle. Based on this evidence, a rational trier of fact could have rejected as incredible Gardner's testimony that he did not have a gun during the robberies and found that Gardner used a dangerous weapon during the commission of the robberies. See United States v. Harris, 792 F.2d 866, 868 (9th Cir.1986). The same holds true for Gardner's conviction under 18 U.S.C. § 924(c).[2] See id.
 
 II. Double Jeopardy
 
 6
 Gardner's contention that his double jeopardy rights were violated when the government tried him for the aggravated form of robbery after he pled guilty to the unarmed robbery contained within the same counts, lacks merit. The Double Jeopardy Clause does not preclude a district court from accepting a guilty plea to a lesser charge contained in an indictment and then allowing the government to proceed to trial on the greater charge. See Ohio v. Johnson, 467 U.S. 493, 501-02 (1984) (partial guilty plea to lesser included offenses in indictment did not preclude trial on greater charges because all charges "were embraced within a single prosecution."). Because Gardner's guilty plea to the unarmed elements of section 2113 and his subsequent conviction of section 2113's arming elements both took place during a single prosecution, there was no double jeopardy violation. See id.
 
 III. Jury Instructions
 
 7
 Gardner claims that the district court's instruction on the definition of "assault" and the district court's refusal to define "firearm" violated his due process rights. We disagree.
 
 
 8
 Jury instructions are reviewed as a whole, and the trial judge is accorded substantial latitude so long as the instructions fairly and adequately cover the issues presented. United States v. Powell, 955 F.2d 1206, 1210 (9th Cir.1991); United States v. Joetzki, 952 F.2d 1090, 1095 (9th Cir.1991).
 
 
 9
 Here, the instructions given by the district court were adequate. First, Gardner does not allege the district court's assault instruction was defective but instead faults the district court for failing to link the assault instruction to the use of a deadly weapon as set out in 18 U.S.C. § 2113(d). The court, however, read the assault instruction in conjunction with the relevant portion of 18 U.S.C. § 2113 which links "assault" or putting a person's life in jeopardy to the "use of a dangerous weapon." Accordingly, the instructions as a whole were adequate to guide the jury's deliberations. See id.
 
 
 10
 We also find no merit to Gardner's claim of instructional error with regard to the district court's refusal to define the term "firearm" as used in 18 U.S.C. § 924(c). Gardner has failed to show how the failure of the court to define "firearm" rendered the instructions inadequate or misleading. See United States v. Nordbrock, 38 F.3d 440, 446 (9th Cir.1994) ("if the instructions given allow a jury to determine intelligently the questions presented, a judgment will not be disturbed simply because further amplification was refused.")
 
 IV. Sentencing
 
 11
 Gardner contends that the district court miscalculated the base offense levels for his robbery convictions. Gardner has waived this claim of non-constitutional sentencing error by failing to raise it in district court or on direct appeal. See United States v. Schlesinger, 49 F.3d 483, 485 (9th Cir.1994).
 
 V. Ineffective Assistance of Counsel
 
 12
 Gardner contends that counsel was ineffective for failing to (1) object to the admission of the firearm into evidence; (2) advise him that his partial guilty plea would not preclude prosecution on the remaining charges; (3) convey an additional plea offer; and (4) object to the instructional errors alleged above and raise the above issues on appeal. These contentions lack merit.
 
 
 13
 To demonstrate ineffective assistance of counsel, a defendant must show that counsel's representation fell below an objective standard of reasonableness, and that the defendant was prejudiced as a result. Strickland v. Washington, 466 U.S. 668, 687-92 (1984); Miller v. Keeney, 882 F.2d 1428, 1434 (9th Cir.1989) (applying same standard to appellate representation). Appellate counsel has no obligation to raise every nonfrivolous issue requested by the defendant. Jones v. Barnes, 463 U.S. 745, 751-754 (1983).
 
 
 14
 Trial counsel was not ineffective for failing to object to the admissibility of a gun found at Gardner's residence. The admission of inculpatory evidence violates the Due Process Clause of the United States Constitution only "if there are no permissible inferences the jury may draw from the evidence" and the evidence is "of such quality as necessarily prevents a fair trial." Jammal v. Van de Kamp, 926 F.2d 918, 920 (9th Cir.1991) (quotations omitted); see also Estelle v. McGuire, 502 U.S. 62, 69 (1991). Here, the gun was seized from the residence Gardner shared with his girlfriend and on the day of his arrest, Gardner showed police where the gun was located. Moreover, the gun matched the description given by the witnesses. Accordingly, the introduction of the gun was probative of whether Gardner used a gun during the robberies and trial counsel's failure to object to its admission into evidence was not representation falling below "an objective standard of reasonableness." See Strickland, 466 U.S. at 687.
 
 
 15
 Gardner's contention that trial counsel failed to advise him he would be tried for the armed portions of the robbery counts following his guilty plea is belied by the record. At his plea hearing it was made clear by both defense counsel and the court that Gardner was only pleading guilty to the robbery portions of counts two and four and that the use of a gun would remain in dispute. At no time did the government state it would dismiss the aggravated portions of those counts and Gardner acknowledged that no promises had been made by the government in order to induce his guilty plea. Accordingly, Gardner has failed to identify any deficiency in trial counsel's performance. See Strickland, 466 U.S. at 687.
 
 
 16
 We also reject Gardner's contention that counsel was ineffective for failing to convey a plea offer involving the disposition of all counts. Gardner has not provided any evidence that such an offer was made and both the prosecution and defense counsel submitted declarations stating that no such offer was ever made.
 
 
 17
 Gardner's remaining allegations of ineffective assistance of counsel are based upon the double jeopardy and jury instruction claims asserted by Gardner in his section 2255 motion. Given our disposition of these arguments, we conclude that counsel was not ineffective for failing to raise them. See Strickland, 466 U.S. at 687; Miller, 882 F.2d at 1434.[3]
 
 
 18
 Because the record of this case conclusively shows that Gardner is not entitled to relief, the district court did not err by denying Gardner's section 2255 motion. See 28 U.S.C. § 2255 (1994); Sanchez, 50 F.3d at 1456.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Gardner's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we affirm the denial of relief under the former version of 28 U.S.C. § 2255, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal
 
 
 [2]
 Gardner does not make the separate argument that there was insufficient evidence to satisfy the "use" or "carry" prong of section 924(c). See Bailey v. United States, 116 S.Ct. 501, 509 (1995) (holding that the term "use" requires proof the defendant "actively employed the firearm during and in relation to the predicate crime"). In light of the witness's testimony that Gardner pointed the gun at him, such an argument would fail in any event. See e.g., United States v. Davis, 76 F.3d 311, 315 (9th Cir.1996)
 
 
 [3]
 Gardner also claims his counsel was ineffective for failing to provide him with trial transcripts. Given our disposition of Gardner's claims, he cannot establish prejudice. See Strickland, 466 U.S. at 687