**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Maria CARLOTA–RAMIREZ,**
**Defendant—Appellant.**

**No. 01–50061.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 11, 2002.

Decided April 26, 2002.

Before REINHARDT and GRABER, Circuit Judges, and HUNT,* District Judge.

_____

* The Honorable Roger Hunt, United States District Judge for the District of Nevada, sitting

MEMORANDUM **

Maria Carlota–Ramirez ("Carlota–Ramirez") appeals her conviction of thirteen counts of trafficking in illegal immigrants, including conspiring to and bringing in, harboring, and transporting undocumented aliens. The indictment named six persons alleged to be illegal aliens who were smuggled into the United States by Carlota–Ramirez. Carlota–Ramirez challenges her conviction on all but one of the substantive counts on the ground that the district court erred by admitting hearsay testimony regarding the alienage of these persons, in the form of testimony by the INS agents who apprehended and processed the persons before sending them to Mexico. She also challenges her convictions on counts 14 and 15 on the ground of insufficiency of the evidence.

### Alleged Hearsay Error

■ Even assuming that the district court erred in finding that the prosecution had made a good faith effort to procure the alleged aliens for trial, and assuming, therefore, that the alleged aliens were *not* "unavailable" witnesses pursuant to Fed. R.Evid. 804(b), Carlota–Ramirez cannot prevail on this claim because she was not prejudiced by the introduction of this evidence. INS forms regarding each of the alleged aliens (with the exception of the alien named in count 14) were introduced by the prosecution at trial without objection. These forms provide sufficient evidence of alienage even in the absence of the INS agents' testimony. *See United States v. Magana–Olvera,* 917 F.2d 401, 409 (9th Cir.1990). Therefore, we affirm Carlota–Ramirez's conviction as to counts 5–6, 8–13, and 16–17.

by designation.
** This disposition is not appropriate for publication and may not be cited to or by the

### Insufficiency of the Evidence

■ We conclude that the United States failed to prove Carlota–Ramirez's guilt as to counts 14 and 15 beyond a reasonable doubt. There was no evidence that the person named in count 14 was an alien, was deported, or was voluntarily removed; nor was there any evidence that either this person or the person named in count 15 was in fact apprehended at Carlota–Ramirez's house, as alleged by the prosecution. Therefore, even viewing the evidence in the light most favorable to the prosecution, there was insufficient evidence connecting these two persons to Carlota–Ramirez, and we reverse her convictions on these two counts. *See United States v. Harris,* 792 F.2d 866, 868 (9th Cir.1986).

Convictions and sentence AFFIRMED on counts 5, 6, 8 through 13, 16, and 17; convictions REVERSED and sentence VACATED on counts 14 and 15.

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.