**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Kelvin Darnell WOODS, Defendant–Appellant.**

**No. 05–50761.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 6, 2006.

Filed Dec. 14, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Becky S. Walker, Esq., Matthew D. Um-hofer, Esq., Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Callie Glanton Steele, Esq., Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: REINHARDT, KOZINSKI, and IKUTA, Circuit Judges.

## MEMORANDUM *

Woods appeals his conviction and sentence for carrying or use of a firearm during and in relation to the commission of a crime of violence—a bank robbery—in violation of 18 U.S.C. § 924(c). Woods first argues that the evidence is insufficient to support the jury's guilty verdict. Because Woods moved for acquittal below, we review de novo. *United States v. Carranza*, 289 F.3d 634, 641 (9th Cir.2002).

To obtain a conviction under § 924(c), the government must prove that a firearm used during the bank robbery was real and not a toy or replica. *United States v. Westerdahl*, 945 F.2d 1083, 1088 (9th Cir. 1991). At trial, the government presented eyewitness testimony that at least one gun brandished during the robbery looked real, felt hard, was black or gray in color, looked heavy in the robber's hand, and appeared as though it were made from metal. One government witness, an experienced FBI agent, also testified that he had never heard of a "takeover" style bank robbery, like the one in this case, accomplished using a fake or replica gun. Although the question is close and the advocacy on both sides was excellent, we hold that this evidence is sufficient to permit a rational factfinder to find beyond a reasonable doubt that the gun was real. *See United States v. Harris*, 792 F.2d 866, 867–68 (9th Cir.1986). We therefore reject Woods's insufficiency of the evidence claim. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

Woods also argues that the district court erred in its response to the jury's inquiry during deliberations about the government's burden of proof. We review the district court's response to the jury's inqui-

ry for abuse of discretion. *United States v. Romero–Avila,* 210 F.3d 1017, 1024 (9th Cir.2000). The district court responded to the jury by sending it a written copy of the original jury instructions. These instructions were clear and accurate and answered the jury's question completely. The district court therefore did not abuse its discretion. *See Arizona v. Johnson,* 351 F.3d 988, 992–98 (9th Cir.2003).

Finally, Woods's claim that the district court violated his Sixth Amendment rights by finding that a gun was "brandished," thereby triggering a seven-year mandatory minimum sentence under § 924(c)(1)(A), is foreclosed by *United States v. Dare,* 425 F.3d 634, 641 (9th Cir.2005).

Woods's conviction and sentence are **AFFIRMED.**