**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10149 |
| Plaintiff - Appellee, | D.C. No. 2:05-cr-00243-EJG |
| v. | |
| JAVARIS MARQUEZ TUBBS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Edward J. Garcia, Senior District Judge, Presiding

Argued and Submitted December 5, 2011
San Francisco, California

Before: SCHROEDER, O'SCANNLAIN, and BERZON, Circuit Judges.

Javaris Tubbs appeals his conviction for use of a firearm during a robbery, in violation of 18 U.S.C. § 924(c)(1), on two grounds. First, he contends that there was insufficient evidence to support the conclusion that he, Michael Blanche, or Michael Bradley used a real firearm, rather than a toy or replica, during the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

robbery. Alternatively, Tubbs argues that there was insufficient evidence to support the conclusion that he aided and abetted a violation of § 924(c)(1) by Blanche or Bradley. *See* 18 U.S.C. § 2.

1. Considered in the light most favorable to the United States, there was sufficient evidence from which a rational trier of fact could find, beyond a reasonable doubt, that Blanche and Bradley each used a real gun during the robbery. *See United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc). Several eyewitnesses observed Blanche and Bradley from a close distance and provided details about the color, weight, material, and models of the purported weapons that comported with the characteristics of real guns. *See United States v. Harris*, 792 F.2d 866, 867-68 (9th Cir. 1986). Moreover, at least two of these witnesses testified that they had personal familiarity with guns. *See id.*

2. In addition, there was sufficient evidence from which a rational juror could conclude, beyond a reasonable doubt, that Tubbs aided and abetted the use of a gun during the robbery. *See Nevils*, 598 F.3d at 1164. The three men spent the entire morning and afternoon prior to the robbery together. During that time, they "talk[ed] about going to get some money," and Tubbs mentioned that he needed a gun, permitting an inference that Blanche and Bradley, in contrast, already had guns. At Tubbs's direction, Angel Brewer drove the three men to stores where they

2

purchased the clothing that they wore during the robbery, drove them to several parking lots containing banks or credit unions, and ultimately drove them to the Washington Mutual bank. Witnesses testified that Blanche and Bradley entered the bank first, brandishing guns to force employees and customers to lie on the ground. Only then did Tubbs enter, seizing money from the teller drawers and putting it into a bag. Subsequently, Blanche, Bradley, and Tubbs fled the scene in the same car. Based on this evidence, a rational juror could find that Tubbs participated in coordinating the entire bank robbery, including planning for Blanche and Bradley to use real guns to gain control of the premises, and that, pursuant to the plan, Tubbs went behind the counter, took the money, put it in the bag he brought with him, and fled. *See United States v. Hungerford*, 465 F.3d 1113, 1116-17 (9th Cir. 2006); *United States v. Nelson*, 137 F.3d 1094, 1104 (9th Cir. 1998).

The district court's judgment is **AFFIRMED**.