NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

SEP 20 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>EDUARDO ARRIAGA, AKA Moreno,<br><br>Defendant-Appellant. | No. 16-10519<br><br>D.C. No. 5:13-cr-00510-EJD<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Argued and Submitted September 4, 2018
San Francisco, California

Before: BERZON and FRIEDLAND, Circuit Judges, and DOMINGUEZ,**
District Judge.

Eduardo Arriaga appeals from his conviction following a jury trial for

possession with intent to distribute and distribution of methamphetamine, in

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Daniel R. Domínguez, United States District Judge for
the District of Puerto Rico, sitting by designation.

violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). He challenges: (1) the sufficiency of the evidence presented by the government that the possession of the firearm was in furtherance of a drug crime; (2) the district court's alleged failure to provide sufficient supplemental instructions to the jury in response to its request for clarification of the "in furtherance of" element of the section 924 offense; (3) the admission of the government's law enforcement expert's testimony; and (4) the admission of Arriaga's 15-year-old prior sales conviction and evidence of his gang ties. We affirm.

When reviewing for sufficiency of the evidence, we examine whether, viewing the evidence in the light most favorable to the prosecution, the jury could have found the essential elements of each crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). "[C]ircumstantial evidence is sufficient to sustain a conviction." *United States v. Harris*, 792 F.2d 866, 868 (9th Cir. 1986).

To prove a section 924(c) offense, the "government must show that the defendant intended to use the firearm to promote or facilitate the drug crime." *United States v. Rios*, 449 F.3d 1009, 1012 (9th Cir. 2006). The government may do so by proving that the gun was within "easy reach, giving rise to the ready inference that the firearm was strategically located to protect [Arriaga]." *United States v. Thongsy*,

2

577 F.3d 1036, 1042 (9th Cir. 2009). There was substantial evidence for a jury to convict Arriaga for the firearm count. The handgun was on the couch in the room where Arriaga's supply of drugs and drug paraphernalia were located. Viewing these facts, the jury could have concluded that Arriaga was using the gun to protect his methamphetamine and facilitate the sale.

Whether there was sufficient evidence to prove that Arriaga possessed the firearm to further the *specific* drug transaction with the informant is not the relevant question. Arriaga was charged with possession that day, with intent to distribute more than 50 grams of methamphetamine, considerably greater than the quantity involved in the drug sale with the informant. The government presented evidence that Arriaga possessed a pound of methamphetamine in the garage, and that the firearm was readily accessible to him in the garage both immediately before and after the transaction.[1]

As to the supplemental instruction regarding the "in furtherance of" charge, we hold that the original instruction was adequate and complied with applicable case law. Our analysis of the district court's response to the jury's request for clarification is guided by *United States v. Lopez*, 477 F.3d 1110, 1115 (9th Cir. 2007), which held

---

[1]Because the government need not prove that Arriaga possessed a firearm in furtherance of the specific drug transaction with the informant, any error in admitting expert testimony about the nexus between the gun and the specific drug sale and about Arriaga's motivations for handing the gun to the informant is harmless.

a similar section 924(c) instruction to have been adequate because it "separately listed the requirements that 'the defendant knowingly possessed a firearm' and that 'the defendant possessed the firearm in furtherance of the crime.'" By the same reasoning, the instruction here clearly delineated between mere possession and possession "in furtherance," requiring the jury to find both elements to convict Arriaga. Especially because Arriaga articulated a more detailed instruction for the first time on appeal, we find no error in the clarification provided by the district court.

The district court acted within its discretion by admitting Arriaga's cocaine sale conviction from 1997 and evidence of his gang ties. As an initial matter, the district court never decisively ruled on the admissibility of the 1997 conviction, and Arriaga brought up both matters when he took the stand, inviting the prosecution's cross-examination. And even if the admission of the 1997 conviction was an error, it was harmless considering the other substantial evidence of predisposition that was presented to the jury, including two much more recent prior drug convictions in 2013 involving methamphetamine. *See United States v. Hegwood*, 977 F.2d 492, 496 (9th Cir. 1992) ("[W]hen the defendant 'opens the door' to testimony about an issue by raising it for the first time himself, he cannot complain about subsequent government inquiry into that issue."). The gang evidence was similarly consistent with other

4

evidence submitted by the prosecution. Thus, if there was any error in admitting Arriaga's gang ties it was also harmless.

**AFFIRMED.**