142 F.3d 446
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Joseph Briant MCGEE, Defendant-Appellant.
 No. 97-56279.
D.C. Nos. CV-96-00198-JSR, CR-90-00833-JSR.
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted April 20, 1998.**
Decided April 24, 1998.
 
 Appeal from the United States District Court for the Southern District of California, John S. Rhoades, District Judge, Presiding.
 Before BRUNETTI, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Federal prisoner Joseph Briant McGee appeals the district court's denial of his 28 U.S.C. § 2255 motion challenging his jury conviction for three counts of armed bank robbery and three counts of using a firearm in relation to a crime of violence, in violation of 18 U.S.C. §§ 2113(a) and (d), and 924(c). We have jurisdiction pursuant to 28 U.S.C. § 2255. We review de novo, see United States v. Span, 75 F.3d 1383, 1386 (9th Cir.1996), and we affirm.
 
 A. Sufficiency of the Evidence
 
 3
 McGee contends that there was insufficient evidence to convict him under section 924(c), because the government did not prove that he used a real firearm. This contention is meritless.
 
 
 4
 As relevant here, 18 U.S.C. § 921(a)(3) defines a firearm as "any weapon ... which will or is designed to or may readily be converted to expel a projectile by the action of an explosive." The government need not present direct evidence that the weapon was loaded or operable; rather, it is sufficient that the government present evidence from which the jury could reasonably infer that the firearm could be fired, or was designed to be fired. See United States v. Hunter, 101 F.3d 82, 85 (9th Cir.1996), cert. denied, --- U.S. ----, ----, 117 S.Ct. 1285, 1347, 137 L.Ed.2d 360 (1997).
 
 
 5
 Here, witnesses from all three robberies testified that they each observed McGee possess a gun during the robbery and that they each thought the gun was real. We conclude that the jury could reasonably infer from this evidence that the gun was capable of being fired, or was designed to be fired. See id. Accordingly, viewing the evidence in the light most favorable to the government, there was sufficient evidence to convict McGee under section 924(c) because any rational trier of fact could have found each essential element of the offense beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
 
 B. Brady Violation
 
 6
 McGee contends that the government failed to disclose a "gun-photo line-up," alluded to at trial by one of the witnesses, as well as that witness's pre-trial statement. This contention lacks merit, because McGee has not demonstrated that this evidence was material, i.e., that there is a reasonable probability that the result would have been different had the evidence been disclosed. See United States v. Bagley, 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985); United States v. Kennedy, 890 F.2d 1056, 1058 (9th Cir.1989). Even assuming that the evidence existed and that the government possessed it, it is unlikely that the result of the case would have been different had the evidence been disclosed, given the victim's testimony that she thought the gun was real. See Bagley, 473 U.S. at 682; Kennedy, 890 F.2d 1058. Accordingly, there was no Brady violation.
 
 C. Ineffective Assistance of Counsel
 
 7
 McGee contends that his counsel was ineffective because he pursued a misidentification defense, rather than arguing that the government had failed to prove that he used a "firearm." McGee also suggests that counsel should have presented expert testimony that it is easy to mistake toy or replica guns for real guns. We reject these contentions.
 
 
 8
 This court will not second-guess counsel's strategic decision to pursue one theory of defense over another, so long as that decision was reasonable under the circumstances. See United States v. Layton, 855 F.2d 1388, 1420 (9th Cir.1988). To the extent McGee alleges that the gun was not a firearm, but rather was a toy or replica gun, he offers no evidence to support his allegation, and thus he has not shown prejudice. See Strickland v. Washington, 466 U.S. 668, 691, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Consequently, counsel's failure to raise an unsupported defense does not constitute ineffective assistance. See id. at 694.
 
 
 9
 McGee also challenges counsel's decision to waive a jury instruction defining "firearm," and asserts that counsel did not consult him about stipulating that he possessed a gun. McGee has not shown how the omission rendered the instructions inadequate or misleading. See United States v. Nordbrock, 38 F.3d 440, 446 (9th Cir.1994) (error in omitting instruction harmless if instructions given allow jury to determine intelligently questions presented). Even if the instruction had been given, McGee has pointed to no evidence upon which the jury could rationally have found that he did not possess a firearm, and thus there is not a reasonable probability that the instruction would have produced a different outcome. See United States v. Chambers, 918 F.2d 1455, 1461 (9th Cir.1990). Accordingly, counsel's performance was not deficient. See Strickland, 466 U.S. at 687.
 
 
 10
 Finally, McGee's contention that counsel was ineffective because he did not attempt to discover the alleged "gun-photo line-up" fails because--as explained above--McGee has not demonstrated that this purported evidence was material. Thus, McGee was not prejudiced by the alleged deficiency. See id. at 691. Accordingly, counsel was not ineffective, and the district court correctly denied his section 2255 motion.
 
 
 11
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3