**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Dennis Paul TIMMINS, Defendant—
Appellant.**

No. 00–30224.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 7, 2002.

Decided Nov. 25, 2003.

Michael W. Mosman, Esq., USPO—Office of the U.S. Attorney, Portland, OR, Jonathan L. Marcus, U.S. Department of Justice, Washington, DC, for Plaintiff–Appellee.

William S. Labahn, Esq., Law Office of William S. Labahn, P.C., Eugene, OR, for Defendant–Appellant.

Before: TROTT, and T.G. NELSON, Circuit Judges, and SHADUR,* Senior District Judge.

## MEMORANDUM **

Dennis Timmins appeals his jury conviction on three counts of unarmed bank robbery, one count of armed bank robbery and a firearms offense in violation of 18 U.S.C. §§ 924(c)(1) and 2113(a) and (d). We remand for a determination of whether Timmins' decision to go to trial rather than to accept an offered plea bargain was made competently. If the district court holds on remand that Timmins' decision was in fact competent, his conviction will stand, though the sentences imposed on the three counts of unarmed bank robbery must be reduced to the statutory maximum of twenty years. If, on the other hand, the court holds that Timmins was not competent, his convictions must be vacated. Because the facts are familiar to the parties, we do not recite them here.

█ We first hold that the district court's inquiry into Timmins' competency was too limited.[1] The problem stems from the district court's decision, without further input from mental health professionals, that the appointment of new counsel somehow cured Timmins' previously demonstrated delusional mindset.[2] While Tim-

---

\* The Honorable Milton I. Shadur, Senior District Judge for the Northern District of Illinois, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. See Koon v. United States, 518 U.S. 81, 100, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). "A district court by definition abuses its discretion when it makes an error of law." Id. In this case, the district court erroneously disre-

garded both expert opinions that Timmins' mental illness prevented him from being able rationally to weigh the evidence against him and to decide whether to accept a plea bargain.

2. See Odle v. Woodford, 238 F.3d 1084, 1088–89 (9th Cir.2001), cert. denied, 534 U.S. 888, 122 S.Ct. 201, 151 L.Ed.2d 142 (2001) (holding that, while defense counsel may be in the best position to evaluate a client's ability to participate in his defense, a lawyer is not a trained mental health professional capable of

mins may have met the first prong of 18 U.S.C. § 4241(a), by being able "to understand the nature and consequences of the proceedings against him," the district court prematurely ended its inquiry into whether he met the second prong by being able "to assist properly in his defense." [3] No consideration was given to whether Timmins' delusional belief system prevented him from rationally comprehending the evidence against him and considering the prospect of a plea bargain, despite the fact that uncontradicted evidence from mental health professionals had earlier established that Timmins' mental illness prevented him from making such a rational analysis. Timmins' inability to make such a choice in rational terms would fundamentally impair his ability to assist properly in his defense.[4] Thus, we remand to the district court to determine whether Timmins' decision to reject the Government's plea bargain and to proceed to trial was made competently.

If, on remand, the court finds that Timmins was competent to make such a decision, then his convictions will stand. If, however, the district court determines that Timmins could not properly assist in his defense as required by 18 U.S.C. § 4241(a), his convictions must be vacated.

We decline to hold, in such a case, that the government's original plea offer will be reinstated. As the plea offer was never "embodied in the judgment of the court," the Government may legitimately choose to tender the same offer, to make a different offer, or to make no offer at all.[5]

■ Because of the just-described possibility that Timmins' convictions will stand, we turn to the other substantive issues raised by his appeal. We conclude that the evidence is patently sufficient to support Timmins' convictions.[6] Contrary to Timmins' assertions, whether his gun was recovered or operable is irrelevant to proving armed bank robbery under 18 U.S.C. § 2113(d) or the use of a firearm during a crime of violence under 18 U.S.C. § 924(c)(1).[7] Viewing the record as a whole, in the light most favorable to the prosecution,[8] the prosecution presented sufficient evidence that Timmins displayed the gun during his September 28, 1998, bank robbery [9] and that Timmins was the perpetrator of the September 30, 1998, robbery.

Further, no *Apprendi* error clouds Timmins' sentences. The jury determined it was beyond a reasonable doubt that Timmins used a firearm during the

accurately assessing the effects of paranoid delusions on the client's mental processes).

3. 18 U.S.C. § 4241(a).

4. *See Turner v. Calderon,* 281 F.3d 851, 879 (9th Cir.2002) (demonstrating the importance of the defendant's decision whether to accept a plea bargain offer as part of his defense strategy).

5. *Mabry v. Johnson,* 467 U.S. 504, 507, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984).

6. Because Timmins failed to move for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29, we review the suffi-

ciency of the evidence to support Timmins' convictions for plain error or the prevention of a manifest miscarriage of justice. *United States v. Archdale,* 229 F.3d 861, 867 (9th Cir.2000).

7. *See United States v. Hunter,* 101 F.3d 82, 85 (9th Cir.1996); *United States v. Martinez–Jimenez,* 864 F.2d 664, 666–67 (9th Cir.1989).

8. *See United States v. Peters,* 962 F.2d 1410, 1414 (9th Cir.1992).

9. Displaying a gun is sufficient to sustain a conviction for armed robbery. *Bailey v. United States,* 516 U.S. 137, 148, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995).

September 28, 1998, robbery.[10] The 294–month sentence imposed on each of the unarmed bank robbery counts impermissibly exceeds the 20–year statutory maximum authorized by 18 U.S.C. § 2113(a). However, that error did not result in a net increase in Timmins' overall sentence because those sentences run concurrently with the valid 294–month sentence for armed bank robbery. Nevertheless, to conform Timmins' sentence to the statutory requirements, we order that, if the district court on remand determines that Timmins' decision was competently made, the concurrent sentence of 294 months on each of counts two, five, and six be reduced to 240 months.

We REMAND for a fresh determination of Timmins' competency under the second prong of 18 U.S.C. § 4241(a). If Timmins is found competent upon remand, we AFFIRM his convictions. If Timmins is found incompetent upon remand, we VACATE his convictions. In fulfilling this mandate, the district court may hold such hearings and enter such orders as it deems appropriate.

SHADUR, District Judge, dissenting in part.

What troubles me about the panel memorandum is that it fails to require that the case be returned to a true status quo on remand—that is, to make the original plea offer available to Timmins if he is found not to have made a competent decision to go to trial, but if he is found competent at this time to choose between accepting that plea and going to trial. Accordingly I respectfully dissent in that limited respect.

Let me make plain that what I have just said is conditioned on a finding being made

on remand, pursuant to a hearing under Sections 4241 and 4247(d), that any current decision by Timmins is a rational one, unimpaired by the delusional and psychotic disorders identified by both Dr. Gwinnell and Dr. Frederick. If that proves not to be the case, the provisions of Section 4241(d) and perhaps ultimately Section 4246 will come into play.

But as to the first-mentioned alternative of (1) Timmins' having earlier lacked competency (which would involve both professionals' psychiatric and psychological evaluations being upheld on remand) coupled with (2) Timmins being found capable of making a rational choice now, I believe that he is entitled to a real and not a meaningless remedy for the critical wrong that he will then have suffered. Although to be sure *United States v. Blaylock,* 20 F.3d 1458 (9th Cir.1994) presented this court with a different scenario—a 28 U.S.C. § 2255 Sixth Amendment claim of ineffective assistance by counsel, rather than the current direct appeal that also implicates the absence of a rational decision to consider a plea offer—I believe that the resolution of the issue there fully supports the position that I have staked out here. It seems to me that *Blaylock's* recognition of the need to restore the status quo (that is, to reinstate the plea offer) in order to provide the defendant with meaningful relief applies with equal force here and is worth quoting at length (*id.* at 1468–69)(numerous citations omitted, internal quotation marks and emphasis in original):

If, after the evidentiary hearing, Blaylock prevails on his ineffective assistance claim, the district court will have to fashion a remedy that is "tailored to the

**10.** *Apprendi* holds: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

injury suffered and [does] not unnecessarily infringe on competing interests." Since the remedy for counsel's ineffective assistance should put the defendant back in the position he would have been in if the Sixth Amendment violation had not occurred, in certain circumstances granting a new trial may not be the appropriate remedy. Several courts have recognized that where the ineffective assistance occurred before trial, as in cases where the harm consisted in defense counsel's failure "to communicate a plea offer to defendant, ... [granting a] subsequent fair trial does not remedy this deprivation."

Requiring the government to reinstate its original plea offer is constitutionally permissible. Thus, where, as here, the defendant was deprived of the opportunity to accept a plea offer, putting him in the position he was in prior to the Sixth Amendment violation ordinarily will involve reinstating the original offer. The government may of course, in proper cases, seek to demonstrate that intervening circumstances have so changed the factual premises of its original offer that, with just cause, it would have modified or withdrawn its offer prior to its expiration date

As for one other facet of the panel memorandum, the substantive issue of Timmins' competency to have reached a rational decision, it is frankly difficult to see how the amateur diagnosis by Timmins' attorney Gallagher on a quite different subject—whether Timmins could assist in his defense *if* he went to trial, rather than the true issue of whether he was competent to make the decision to do so—could override both professional opinions. But because the panel majority believes that a hearing on that true issue is called for, I am content to leave that to the district court on remand.