**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| JONATAN CORTES-MALDONADO, AKA Jonathan Cortes, AKA Jonatan Cortes Maldonado, *Petitioner*, | No. 18-70927 <br><br> Agency No. A096-910-128 |
| v. <br><br> WILLIAM P. BARR, Attorney General, *Respondent.* | OPINION |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 6, 2020
Portland, Oregon

Filed October 15, 2020

Before: M. Margaret McKeown and Richard A. Paez,
Circuit Judges, and Paul C. Huck,[*] District Judge.

Opinion by Judge Paez

---

[*] The Honorable Paul C. Huck, United States District Judge for the
U.S. District Court for Southern Florida, sitting by designation.

# SUMMARY[**]

## Immigration

The panel granted Jonatan Cortes-Maldonado's petition for review of a decision of the Board of Immigration Appeals, and remanded, holding that Oregon's former marijuana delivery statute, Or. Rev. Stat. § 475.860 (2011), is not an "illicit trafficking of a controlled substance" offense, and thus, Cortes-Maldonado's conviction for that offense did not make him removable as an aggravated felon.

The panel held that section 475.860 is not an "illicit trafficking of a controlled substance" aggravated felony because it criminalizes more conduct—namely, solicitation—than does the federal generic crime. The panel first set out the elements of the statute of conviction: (1) marijuana, (2) delivery, (3) for consideration, and observed that, under *Sandoval v. Sessions*, 866 F.3d 986 (9th Cir. 2017), Oregon's definition of "delivery" encompasses solicitation and is indivisible.

Next, the panel explained that controlled substance convictions qualify as "illicit trafficking," under 8 U.S.C. § 1101(a)(43)(B), if they require the transfer or exchange of money or other consideration, and that this court extended that definition, in *Rendon v. Mukasey*, 520 F.3d 967 (9th Cir. 2008), to include possession with intent to sell. The panel also explained that the definition of aggravated felony

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

includes "an attempt or conspiracy to commit an offense," but does not include solicitation. 8 U.S.C. § 1101(a)(43)(U).

Addressing the relevant precedent and statutory structure, the panel concluded that solicitation to commit a trafficking offense does not fall under the definition of illicit trafficking, and therefore, the conduct proscribed by section 475.860 is not "illicit trafficking." The panel also concluded that *Rendon* did not persuade it to hold otherwise, explaining that solicitation to deliver a controlled substance in Oregon is not the same as possession with intent to deliver a controlled substance.

## COUNSEL

Brian Patrick Conry (argued), Portland, Oregon, for Petitioner.

Alison Marie Igoe (argued), Principal Litigation Counsel; Tim Ramnitz, Attorney; Shelley R. Goad, Assistant Director; Joseph H. Hunt, Assistant Attorney General; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.; for Respondent.

## OPINION

PAEZ, Circuit Judge:

We address whether the conduct proscribed by Oregon's former marijuana delivery statute, Or. Rev. Stat. § 475.860 (2011),[1] constitutes the federal generic crime of "illicit trafficking of a controlled substance," under the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(B). We conclude that it does not because the Oregon statute criminalizes more conduct—namely, solicitation—than does the federal generic crime. We thus grant the petition for review and remand.

## I.

Jonatan Cortes-Maldonado is a native and citizen of Mexico. He entered the United States without admission or inspection in 1998. In 2006, he became a lawful permanent resident.

In 2012, Cortes-Maldonado pled guilty to one count of Delivery of Marijuana for Consideration in violation of Oregon Revised Statutes section 475.860 (2011) and was sentenced to twenty-four months' probation. He violated his probation, however, when he was found in possession of a small amount of marijuana and was sentenced to ten days in

---

[1] In 2015, Oregon legalized non-medical marijuana delivery for licensed individuals. 2015 Or. Laws Ch. 1, § 78 (Ballot Measure 91). In 2017, Oregon repealed section 475.860, 2017 Or. Laws Ch. 21, § 126, and replaced it with Oregon Revised Statutes section 475B.346, 2017 Or. Laws Ch. 21, §§ 5, 127. Currently, unlicensed marijuana delivery is a "Class A" misdemeanor but may increase in severity and penalty depending on the amount of marijuana delivered, the relative ages of the persons involved, and other factors. *See* Or. Rev. Stat. § 475B.346(1)–(3).

the county jail. While in custody, Cortes-Maldonado was interviewed by Immigration and Customs Enforcement (ICE) agents. ICE issued a detainer on Cortes-Maldonado and served him with a Notice to Appear (NTA). The NTA alleged that Cortes-Maldonado's conviction for Delivery of a Controlled Substance, Marijuana, constituted an aggravated drug trafficking offense under 8 U.S.C. § 1101(a)(43)(B).

Cortes-Maldonado appeared with counsel before an immigration judge (IJ). He conceded removability and admitted the factual allegations in the NTA but stated that he intended to file for post-conviction relief in state court to challenge his conviction. He also stated that he had a generalized fear of returning to Mexico and was considering the possibility of filing for asylum.

In June 2013, Cortes-Maldonado filed an application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). In October 2016, at his merits hearing, Cortes-Maldonado withdrew his asylum and withholding of removal claims. The IJ denied Cortes-Maldonado's application for CAT protection and ordered him removed, noting that Cortes-Maldonado conceded removability as an alien convicted of an aggravated drug trafficking crime. The IJ did not analyze whether Cortes-Maldonado's conviction constituted an aggravated felony.

Cortes-Maldonado appealed the IJ's decision to the Board of Immigration Appeals (BIA). He argued that our then-recent decision in *Sandoval v. Yates* (*Sandoval I*), 847 F.3d 697 (9th Cir. 2017), issued after the IJ's decision, warranted remand because he was no longer removable as an aggravated felon. In *Sandoval I*, we held that Delivery of Heroin under Oregon Revised Statutes § 161.405(1) constitutes neither a "drug trafficking" crime, because it

includes solicitation, nor "illicit trafficking in a controlled substance," because it includes non-commercial delivery. 847 F.3d at 701–05. Cortes-Maldonado argued that because Oregon's marijuana delivery statute likewise included solicitation offenses, he was not removable as an aggravated felon. The government argued that even if Cortes-Maldonado's statute of conviction was categorically broader than the federal definition of "drug trafficking," his conviction nonetheless constituted "illicit trafficking in a controlled substance" under § 1101(a)(43)(B), and suggested that *Sandoval I* was wrongly decided.

While Cortes-Maldonado's appeal was pending before the BIA, we withdrew and amended our opinion in *Sandoval I* to delete any analysis regarding the "illicit trafficking" prong of § 1101(a)(43)(B). *Sandoval v. Sessions* (*Sandoval II*), 866 F.3d 986, 989 n.3 (9th Cir. 2017) ("The previously published version of this opinion [*Sandoval I*] also considered whether [Oregon Revised Statutes] § 475.992(1)(a) was an 'illicit trafficking' offense . . . . Because the BIA did not consider this issue, we decline to do so here."). At the BIA's direction, the parties filed supplemental briefs in response to *Sandoval II*. The BIA dismissed Cortes-Maldonado's appeal and concluded that his conviction under Oregon Revised Statutes § 475.860(2)(a) categorically constituted illicit trafficking in a controlled substance.

Cortes-Maldonado timely petitioned for review, raising similar arguments to those he raised before the BIA.[2]

---

[2] Cortes-Maldonado also contends for the first time that the IJ lacked subject-matter jurisdiction because the NTA never specified the time and place of his hearing, and thus jurisdiction never vested in the

We have jurisdiction under 8 U.S.C. § 1252(a)(2)(D); *Sandoval II*, 866 F.3d at 988, and we grant Cortes-Maldonado's petition for review and remand. We hold that because Oregon Revised Statutes § 475.860 covers solicitation, it is categorically broader than the federal generic definition of "illicit trafficking of a controlled substance," and Cortes-Maldonado is thus not removable as an aggravated felon.

## II.

We review de novo the BIA's legal conclusions, including its determination of the elements of a statute of conviction. *Vasquez-Valle v. Sessions*, 899 F.3d 834, 838 (9th Cir. 2018). We do "not defer to an agency's interpretations of state law." *Sandoval II*, 866 F.3d at 988.

## III.

Before addressing whether Cortes-Maldonado's conviction for marijuana delivery constitutes "illicit trafficking" under the INA, we briefly explain the categorical approach and the legal framework that guides our analysis.

---

immigration court. Our recent decision in *Karingithi v. Whitaker*, 913 F.3d 1158 (9th Cir. 2019), *cert. denied* 140 S. Ct. 1106 (Feb. 24, 2020), however, forecloses this claim. Further, Cortes-Maldonado raised, also for the first time in his reply brief, that our decision in *United States v. Valencia*, 912 F.3d 1215 (9th Cir. 2019), which we decided after the parties filed their principal briefs, provides an alternative basis to conclude that his conviction is not an aggravated felony. In light of our disposition, we need not reach this issue. We thus deny the government's motion to remand as moot.

**A.**

Under the INA, any noncitizen who is convicted of an aggravated felony suffers several consequences, such as becoming deportable,[3] inadmissible,[4] and ineligible for cancellation of removal.[5]  Congress defined the term "aggravated felony" to include, among other offenses, "illicit trafficking in a controlled substance." § 1101(a)(43)(B).[6]  To determine whether a state criminal conviction constitutes "illicit trafficking in a controlled substance," we must apply the so-called "categorical approach." *Descamps v. United States*, 570 U.S. 254, 257 (2013).

Under the categorical approach, we ignore the actual facts of the particular prior conviction and instead compare the elements of the state statute of conviction to the federal "generic" crime "to determine whether the conduct proscribed by the state statute is broader than the generic federal definition." *Alvarez-Cerriteno v. Sessions*, 899 F.3d 774, 778–79 (9th Cir. 2018) (quotation marks and brackets omitted).  If the state statute criminalizes more conduct than the federal statute does, "then the conviction does not qualify

---

[3] 8 U.S.C. § 1227(a)(2)(A)(iii).

[4] § 1182(a)(9)(A)(i)–(ii).

[5] § 1229b(a)(3).

[6] The provision reads: "The term 'aggravated felony' means— . . . (B) illicit trafficking in a controlled substance (as defined in [21 U.S.C. § 802(6)]), including a drug trafficking crime (as defined in [18 U.S.C. § 924(c)])."  As discussed, both parties agree that the Oregon statute does not constitute the narrower category of a "drug trafficking crime" under *Sandoval II*, so we do not discuss it here.

as a predicate offense under the categorical approach." *Id.* at 779 (quotation marks omitted).

"Thus, the BIA must construe both the state and federal statutes." *Id.* In doing so, the BIA "must determine first the elements of the offense the petitioner has been convicted of committing, and second whether the conviction falls within the definition of a removable offense under the INA." *Fregozo v. Holder*, 576 F.3d 1030, 1034–45 (9th Cir. 2009). Because the BIA has "no statutory expertise" in state law, we "review[] de novo its determination of the elements of the offense for which the petitioner was convicted." *Id.* at 1034. But, "if in resolving the federal law issue, the BIA has interpreted an ambiguous INA statutory term"—here, "illicit trafficking in a controlled substance"—"and rendered its interpretation in a precedential decision intended to carry the force of law, [we] defer[] to the BIA's interpretation under *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984)." *See Alvarez-Cerriteno*, 899 F.3d at 779 (quoting *Fregozo*, 576 F.3d at 1034–35) (brackets, quotation marks, and parallel citations removed).

We thus "proceed in three steps." *Id.* First, we determine the elements of "illicit trafficking of a controlled substance." *See id.* Second, we analyze the state criminal statute—section 475.860—to determine its elements. *See id.* In analyzing the state statute, we determine whether the statute is "divisible," and, if it is, we apply the so-called "modified categorical approach," which allows us to "consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the [petitioner's] prior conviction." *Descamps*, 570 U.S. at 257. Finally, in the third step, we "compare the federal generic crime and [section 475.860]" to determine whether (1) the Oregon statute's "elements encompass more

conduct than do the federal generic crime's elements"; and whether (2) "there is a 'realistic probability' that [Oregon] could prosecute conduct under its statute that falls outside the scope of the federal generic crime, as required by *Gonzales v. Duenas-Alvarez*, 549 U.S. 183 (2007)." *See Alvarez-Cerriteno*, 899 F.3d at 779 (parallel citations removed).

The second step—that is, the elements of Oregon's marijuana delivery statute—are not in dispute. At the time of Cortes-Maldonado's conviction, it was "unlawful for any person to deliver marijuana." Or. Rev. Stat. § 475.860(1) (2011). The statute listed different punishments depending on whether the delivery was with or without "consideration." For example, a person who delivered marijuana "for consideration" committed a "Class B felony," § 475.860(2)(a); meanwhile, a person who delivered marijuana without consideration committed a "Class C felony," § 475.860(2)(b). Because the statute listed different punishments for different conduct, the BIA determined, and the parties do not dispute, that section 475.860 is divisible. *See Mathis v. United States*, 136 S. Ct. 2243, 2256 (2016) ("If statutory alternatives carry different punishments, then . . . they must be elements."). The BIA thus applied the modified categorical approach and concluded that reliable records of conviction show that Cortes-Maldonado was convicted of section 475.860(2)(a)—marijuana delivery for consideration. Cortes-Maldonado does not challenge this determination.

Cortes-Maldonado's statute of conviction thus contained three basic elements: (1) marijuana, (2) delivery, (3) for consideration, *see* § 475.860(2)(a), but the crucial element on which we focus is "delivery." The parties agree—as we held in *Sandoval II*—that Oregon's definition of delivery

encompasses solicitation.  *See* 866 F.3d at 990–92. Specifically, Oregon defines "delivery" as "the actual, constructive or *attempted transfer*, other than by administering or dispensing, from one person to another of a controlled substance, whether or not there is an agency relationship."  § 475.005(8) (emphasis added).  Oregon courts, in turn, have construed "attempted transfer" broadly to encompass solicitation, reasoning that solicitation constitutes a "substantial step toward committing the crime of delivery, and, therefore, constitute[s] delivery . . . ." *State v. Sargent*, 822 P.2d 726, 728 (Or. Ct. App. 1991) (citing *State v. Self*, 706 P.2d 975, 981 (Or. Ct. App. 1985)). Because "attempted transfer" has been judicially interpreted to include solicitation, the divisibility analysis here is "straightforward" because section 475.860(2)(a) "sets out a single (or 'indivisible') set of elements to define a single crime." *Sandoval II*, 866 F.3d at 993–94 (quoting *Mathis*, 136 S. Ct. at 2248).  The term "delivery" in § 475.860(2)(a) "is therefore indivisible with respect to whether an 'attempt' is accomplished by solicitation."  *See id.* at 994.  The government does not dispute this determination.**[7]**

---

**[7]** To be clear, although we reviewed the record of conviction for the limited purpose of determining that Cortes-Maldonado was convicted of marijuana delivery for consideration, § 475.860(2)(a), we cannot now use that record to identify the facts underlying textually indivisible portions of that subdivision—here, the phrase "delivery."  *See Descamps*, 570 U.S. at 260 (explaining modified approach serves the "limited" function of determining "*which element* played a part in the defendant's conviction) (emphasis added); *Johnson v. United States*, 559 U.S. 133, 144 (2010) (explaining the modified approach "permits a court to determine *which statutory phrase* was the basis for the conviction") (emphasis added); *see also Syed v. Barr*, 969 F.3d 1012, 1017 (9th Cir. 2020) ("If a statute is not divisible or if there is no match under the modified approach, the conviction will not serve as a basis for removal.").  Once we have identified which alternative element the state

We thus turn to whether the federal generic crime of "illicit trafficking of a controlled substance" includes the inchoate crime of solicitation to commit marijuana delivery for consideration.

## B.

The INA does not define the phrase "illicit trafficking." The BIA, however, has understood that the term "essential[ly]" involves a "business or merchant nature" or "the trading or dealing of goods." *Matter of Davis*, 20 I. & N. Dec. 536, 540–41 (B.I.A. 1992). Later BIA decisions have likewise held that "illicit trafficking" means "a commercial transaction, or passing of goods from one person to another for money or other consideration." *Matter of L-G-H*, 26 I. & N. Dec. 365, 371 n.9 (B.I.A. 2014).

The BIA's interpretation matches closely with how federal courts have interpreted the term. Applying the "everyday understanding" of the term, the Supreme Court has defined "illicit trafficking" to include "some sort of commercial dealing." *Lopez v. Gonzales*, 549 U.S. 47, 53 (2006); *see also Carachuri-Rosendo v. Holder*, 560 U.S. 563, 574 (2010). We have stated, though somewhat obliquely, that an offense constitutes illicit trafficking "if it contains a trafficking element"—without further defining the term. *Salviejo-Fernandez v. Gonzales*, 455 F.3d 1063, 1066 (9th Cir. 2006) (citing *Cazarez-Guttierez v. Ashcroft*,

---

charged, our need for and use of the modified approach ends. In other words, we look to the text of the statute and not Cortes-Maldonado's underlying conduct. *See Altayar v. Barr*, 947 F.3d 544, 550 (9th Cir. 2020).

382 F.3d 905, 912 (9th Cir. 2004)).**[8]**  Here, the BIA relied upon these established interpretations and did not elaborate beyond them.

Under these definitions, controlled substance convictions qualify as "illicit trafficking" if they require the transfer or exchange of money or other consideration.  *See e.g.*, *Carachuri-Rosendo*, 560 U.S. at 574; *United States v. Rivera-Sanchez*, 247 F.3d 905, 908 (9th Cir. 2001) (holding that a California conviction of simple transportation of marijuana for personal use does not qualify as a trafficking offense).  We have extended this definition also to include possession *with intent to sell*.  *Rendon*, 520 F.3d at 974.  We reasoned that, possession with intent to sell, which was a separate offense from mere possession, "necessarily means that [the defendant] possessed the marijuana with the intent to engage in 'some sort of commercial dealing.'"  *Id.* at 975–76 (quoting *Lopez*, 549 U.S. at 53).  Broadly interpreted, *Rendon* stands for the proposition that although the conduct may not involve actual trading or dealing of goods, an *intent* to traffic coupled with *possession* can satisfy the commercial aspect of "illicit trafficking."  *See id.* at 974–76.

Here, the BIA relied on *Rendon* to conclude that a solicitation offense for delivery of marijuana has a "commercial element" if the solicitation is "with . . . consideration."  The BIA's reasoning is terse and relies

---

**[8]** The Third and the Sixth Circuits have recognized a "more concrete definition"—also followed by the BIA—which requires that "to contain a trafficking element, a state felony must involve 'the unlawful trading or dealing of a controlled substance.'"  *Rendon v. Mukasey*, 520 F.3d 967, 975 (9th Cir. 2008) (quoting *Jeune v. Att'y Gen.*, 476 F.3d 199, 202 (3d Cir. 2007)); *see also Garcia-Echaverria v. United States*, 376 F.3d 507, 513 (6th Cir. 2004).  We have not had occasion to adopt these definitions, nor conclude we necessarily need to do so here.

exclusively on *Rendon*. The BIA did not, however, engage with our decision in *Coronado-Durazo v. INS*, 123 F.3d 1322 (9th Cir. 1997), which provides further guidance on whether solicitation to commit an illicit trafficking offense is an aggravated felony. Nor did the BIA examine the overall statutory scheme of the INA to determine whether solicitation is covered.

In *Coronado-Durazo*, we considered whether an individual's conviction for solicitation to possess cocaine under Arizona's solicitation statute could form the basis for deportation under the "controlled substances ground" of the INA (as distinct from the aggravated felony ground). 123 F.3d at 1325–26. In deciding that it could not, we noted that 8 U.S.C. § 1227(a)(2)(B)(i) specified convictions for *conspiracies* and *attempts* relating to a controlled substance but did not include *solicitations*. *Coronado-Durazo*, 123 F.3d at 1325 ("[S]olicitation is not on the list.").[9]

Solicitation is also not on the list here: the definition of aggravated felony includes "an attempt or conspiracy to commit an offense," but does not include solicitation. *See* 8 U.S.C. § 1101(a)(43)(U). We already have considered and rejected whatever discomfort this technical distinction may

---

[9] We further reasoned that because solicitation requires a different mental state and different acts under Arizona law, it was a generic offense separate from controlled substance violations. *Coronado-Durazo*, 123 F.3d at 1325; *but see Peters v. Ashcroft*, 383 F.3d 302, 306–07 (5th Cir. 2004) (declining to adopt Ninth Circuit approach and holding that an Arizona conviction for solicitation of marijuana for sale "related to" a controlled substance offense, in part because of the statute's broad language). Whether the Fifth Circuit would reach the same conclusion in the aggravated felony context is unclear given that it heavily relied on the expansive "relating to" language under the controlled substance ground—language that is not present here. *See id.*

produce. *See Coronado-Durazo*, 123 F.3d at 1326 ("[W]e do not find it absurd, or inconsistent, that despite congressional zeal to eliminate illicit drug trafficking, Congress limited deportation for generic crimes to conspiracy and attempt."); *see also United States v. Aguilar-Ortiz*, 450 F.3d 1271, 1275–76 (11th Cir. 2006) (holding that a Florida conviction for solicitation of delivery of drugs is not a "drug trafficking offense" for illegal re-entry sentencing purposes because the sentencing guidelines include aiding and abetting, attempt, and conspiracy, but not solicitation offenses). And, at least with respect to the controlled substance ground, Congress has been methodical in adding inchoate crimes: it added "conspiracy" to the statute in the Narcotic Control Act of 1956,[10] and later added "attempt" in the Immigration Act of 1990.[11] Yet, it has never added "solicitation," which is also a well-established (and distinct) type of inchoate crime at the federal level, *see, e.g.*, 18 U.S.C. § 373 (limiting general solicitation statute to soliciting crimes of violence), and in most states, *see generally* Wayne R. LaFave, 2 Subst. Crim. L. § 11.1(f) (3d ed.); Charles E. Torcia, 4 Wharton's Criminal Law § 672 (15th ed.).

Additionally, even though we decided *Coronado-Durazo* over twenty years ago, Congress has not amended either the controlled substance ground or the aggravated felony ground to include solicitation. *See United States v. Hunter*, 101 F.3d 82, 85 (9th Cir. 1996) ("[A]s a matter of

---

[10] Pub. L. No. 84-728, § 301(b), 70 Stat. 567, 575 (current version at 8 U.S.C. § 1227(a)(2)(B)(i)).

[11] Pub. L. No. 101-649, § 508(a), 104 Stat. 4978, 5051 (current version at 8 U.S.C. § 1227(a)(2)(B)(i)) ("Section 241(a)(11) (8 U.S.C. 1251(a)(11)) is amended by inserting 'or attempt' after 'conspiracy'.").

statutory construction, we 'presume that Congress is knowledgeable about existing law pertinent to the legislation it enacts.'") (quoting *Goodyear Atomic Corp. v. Miller*, 486 U.S. 174, 184–85 (1988)). Thus, it is unlikely that "illicit trafficking" would include an inchoate crime that was specifically left out of the definition of aggravated felony.

The overall structure of the INA also strongly suggests that solicitation to commit a trafficking offense does not fall under the definition of "illicit trafficking." Congress expressly listed solicitation (and conduct that would traditionally qualify as solicitation) as part of numerous other grounds of inadmissibility and deportability yet did not include solicitation within "illicit trafficking." For example, solicitation, or conduct like it, serves as a ground of inadmissibility or deportation for terrorist conduct,[12] genocide,[13] alien smuggling,[14] firearms trafficking,[15] and

---

[12] 8 U.S.C. § 1182(a)(3)(B)(iv)(V)(aa) ("to *solicit* any individual – (aa) to engage in conduct otherwise described in this clause") (emphasis added); § 1227(a)(4)(B) (deportation ground referring to § 1182(a)(3)).

[13] 8 U.S.C. § 1182(a)(3)(E)(ii) ("ordered, *incited*, assisted, or otherwise participated in genocide") (emphasis added); § 1227(a)(4)(D) (deportation ground referring to § 1182(a)(3)(E)).

[14] 8 U.S.C. § 1182(a)(6)(E)(i) ("knowingly has *encouraged*, induced, assisted, abetted, or aided any other alien to enter or to try to enter the United States. . . .") (emphasis added); § 1227(a)(1)(E) (deportation ground including identical language).

[15] 8 U.S.C. § 1227(a)(2)(C) ("Any alien who at any time after admission is convicted under any law of . . . *offering for sale* . . . , or of attempting or conspiring to . . . *offer for sale* . . . any weapon . . . in violation of any law is deportable.") (emphases added); *see also Rivera-Sanchez*, 247 F.3d at 908 (holding offers to sell include solicitations).

sustaining multiple convictions.**[16]**   Yet Congress did not define § 1101(a)(43)(B) to include solicitation.   Further, Congress did not include solicitation within the catch-all inchoate provision, which defines "aggravated felony" to mean "an *attempt* or *conspiracy* to commit an offense described in this paragraph."   § 1101(a)(43)(U) (emphasis added).

Finally, we have uncovered no federal crime of "illicit trafficking" that defines trafficking to include solicitation. *See Gattem v. Gonzales*, 412 F.3d 758, 762–65 (7th Cir. 2005) (deferring to BIA's interpretation of "sexual abuse of a minor," an aggravated felony, to include solicitation, in part, because the BIA relied on a federal criminal provision that defined sexual abuse to include "inducement" of a child to engage in a sexual act).

Given our precedent and the overall structure of the relevant INA provisions, we conclude that the conduct proscribed by Oregon's marijuana delivery statute does not constitute "illicit trafficking" of a controlled substance.

Our decision in *Rendon* does not persuade us to hold otherwise.   First, and most obviously, we did not address there whether solicitation was included within the definition of "illicit trafficking."   We instead addressed the narrow question of whether a Kansas conviction for possession of marijuana with intent to sell—a non-inchoate crime, and a distinct crime from possession alone—"contains a trafficking element."   520 F.3d at 975.   Relying on the

---

**[16]** 8 U.S.C. § 1182 (inadmissible if "convicted of 2 or more *offenses*," without limiting the type of offense) (emphasis added); § 1227(a)(2)(A)(ii) (deportable if convicted of "two or more *crimes* of moral turpitude") (emphasis added).

Supreme Court's definition of "illicit trafficking" to include "some sort of commercial dealing," we held that it did. *Id.* at 975–76 (citing *Lopez*, 549 U.S. at 53). We reasoned: "'Possession of marijuana with intent to sell' necessarily means that [the petitioner] possessed marijuana with the intent to engage in 'some sort of commercial dealing.'" *Id.* But, as explained earlier, *Rendon* simply held that a combined *possession of* and *intent to sell* marijuana involved commercial dealing. *See id.*

Solicitation to deliver a controlled substance in Oregon, on the other hand, is not the same as the crime of possession with intent to deliver a controlled substance. For one, the former Oregon marijuana delivery statute did not require actual possession or distribution, but rather that the defendant only make some statement that might have led another person to aid in the endeavor. *Sargent*, 822 P.2d at 728; *see also Self*, 706 P.2d at 981; Or. Rev. Stat. § 161.435(1) (explaining that solicitation exists when a person "commands or solicits" another person to "engage" or "attempt to engage" in "specific conduct constituting a crime punishable as a felony . . . ," "with the intent of causing" that person to engage in such conduct). Second, a defendant need not aid in the endeavor for a conviction to stand. Words and desire alone suffice. *See Sargent*, 822 P.2d at 728; *see also Self*, 706 P.2d at 981. As a result, Oregon courts have held that delivery is a distinct crime that does not legally merge with the crime of possession of a controlled substance. *Sargent*, 822 P.2d at 728. Thus, although possession with intent to sell has a much closer and more direct relationship with commercial activity—that is, the person *possesses the drugs* and *intends* to sell them once the opportunity arises—the minimum conduct needed for

solicitation—words and desire—do not relate to commercial activity.[17]

Thus, the BIA erred in relying on *Rendon*, especially given our earlier precedent establishing that solicitation offenses do not fall under the controlled substance ground for deportation under § 1227(a)(2)(B)(i).

We conclude that "illicit trafficking" does not include solicitation offenses and thus Oregon's former crime of marijuana delivery for consideration, Or. Rev. Stat. § 475.860(2)(a), does not qualify as an aggravated felony under § 1101(a)(43)(B). We therefore grant the petition for review and remand for further proceedings consistent with this opinion.

Petition **GRANTED** and **REMANDED.**

---

[17] Oregon courts have gone even further to hold that a person commits the crime of solicitation when the person asks an *intermediary* to ask a third party to commit a crime, even if the intermediary never communicated with or ultimately procured the third party. *See State v. Everett*, 274 P.3d 297, 301 (Or. Ct. App. 2012); *see also Self*, 706 P.2d at 977 (defendant committed solicitation when he asked an individual to help bail out a third party from jail and said that the third party would provide him with cocaine in exchange).