NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 15 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE RAMON BRAHMS-GARCIA,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 21-1238<br><br>Agency No.<br>A200-685-986<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 13, 2023[**]
Seattle, Washington

Before: GRABER, GOULD, and PAEZ, Circuit Judges.

Jose Ramon Brahms-Garcia petitions for review of the Board of

Immigration Appeals' ("BIA") dismissal of his appeal from an immigration

judge's ("IJ") denial of his application for cancellation of removal under 8 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1229b(b). He contends that the BIA and IJ erred in finding that he was ineligible for nonpermanent resident cancellation of removal on account of having been "convicted of an offense [described] under" 8 U.S.C § 1182(a)(2)(C)(i), which sets forth grounds of inadmissibility. 8 U.S.C. § 1229b(b)(1)(C). Brahms-Garcia argues that the amended information, the judgment, and his guilty plea to criminal solicitation to commit delivery of methamphetamine under Washington Revised Code ("RCW") sections 9A.28.030 and 69.50.401(1), (2)(b), do not show that he engaged in conduct described in § 1182(a)(2)(C)(i), which prohibits participation in illicit drug trafficking. He asserts that his criminal offense is not covered by § 1182(a)(2)(C)(i) because the Immigration and Nationality Act's ("INA") definition of illicit drug trafficking does not encompass solicitation to deliver controlled substances.[1]

Under 8 U.S.C. § 1252(a)(2)(C), we lack jurisdiction to review "any final order of removal against [a noncitizen] who is removable by reason of having committed a criminal offense covered in section 1182(a)(2)," including illicit

---

[1] Brahms-Garcia also argues that we should apply the framework from *Matter of Medina-Jimenez*, 27 I&N Dec. 399 (BIA 2018), to determine whether he is ineligible for cancellation of removal under § 1229b(b)(1)(C). We disagree. The BIA was not required to apply *Medina-Jimenez* here because that case pertains only to offenses described under 8 U.S.C. § 1227(a)(2)(E)(ii). *Id.* at 401–03. Neither the BIA nor this court has required this framework for any of the other statutory offenses listed in § 1229b(b)(1)(C). *See id*; *Diaz-Quirazco v. Barr*, 931 F.3d 830, 841–45 (9th Cir. 2019).

trafficking. *See Lopez-Molina v. Ashcroft*, 368 F.3d 1206, 1208–11 (9th Cir. 2004). We retain jurisdiction, however, to determine our own jurisdiction, *id.*, and may review constitutional claims and questions of law, 8 U.S.C. §1252(a)(2)(D). We deny the petition.

1.      To determine whether we have jurisdiction to review Brahms-Garcia's final order of removal, we must first address whether the agency correctly found that Brahms-Garcia is "removable by reason of having committed a criminal offense covered in" § 1182(a)(2)(C)(i). *Lopez-Molina*, 368 F.3d at 1208–11. Under § 1182(a)(2)(C)(i), a noncitizen who "the consular officer or the Attorney General knows or has reason to believe . . . [1] is or has been an illicit trafficker in any controlled substance . . . or [2] is or has been a knowing aider, abettor, assister, conspirator, or colluder with others in the illicit trafficking in any such controlled . . . substance . . . or endeavored to do so" is inadmissible. *See also Gomez-Granillo v. Holder*, 654 F.3d 826, 831 (9th Cir. 2011) (interpreting "a knowing aider, abettor, assister, conspirator, or colluder with others" to signify a knowing "particip[ant]" in the traffic of illicit drugs). In reviewing whether substantial evidence supports the agency's determination that a noncitizen is inadmissible under § 1182(a)(2)(C)(i), we look to whether the decision rests on "reasonable, substantial, and probative evidence." *Alarcon-Serrano v. INS*, 220 F.3d 1116, 1119 (9th Cir. 2000).

Here, "reasonable, substantial, and probative evidence" supports the agency's determination that there was "reason to believe" that Brahms-Garcia was involved in the illicit trafficking of controlled substances. *Id.* Brahms-Garcia's voluntary guilty plea of criminal solicitation of delivery of methamphetamine is "probative evidence" that he "did, in fact, engage" in the solicitation of delivery of methamphetamine. *Chavez-Reyes v. Holder*, 741 F.3d 1, 3 (9th Cir. 2014). Moreover, Brahms-Garcia's solicitation of delivery of methamphetamine gave the agency adequate reason to believe that he had participated in illicit drug trafficking. *See Hamid v. INS*, 538 F.2d 1389, 1390–91 (9th Cir. 1976) (per curiam) (concluding that a noncitizen's conduct in asking an individual to carry hashish into the United States provided a "sound basis" to believe that he was a "trafficker" under § 1182(a)(2)(C)(i)).[2] Substantial evidence supports the agency's determination that Brahms-Garcia is inadmissible under § 1182(a)(2)(C)(i) and, thus, removable for having committed a criminal offense covered therein.

2.  Therefore, our jurisdiction to review Brahms-Garcia's final order of removal is limited to questions of law and constitutional matters. 8 U.S.C.

---

[2] Brahms-Garcia argues that we should follow *Cortes-Maldonado v. Barr*, 978 F.3d 643 (9th Cir. 2020), to conclude that the INA's definition of illicit drug trafficking does not encompass solicitation and that Congress's omission of solicitation from the list of inchoate crimes in the statute was purposeful. *Cortes-Maldonado*, however, has no application here because it applied the categorical approach to assess whether a particular crime is an aggravated felony under 8 U.S.C. § 1101(a)(43)(B).

21-1238

§1252(a)(2)(D). Because Brahms-Garcia does not contest that he was convicted of criminal solicitation to commit delivery of methamphetamine, but rather challenges whether his conviction legally satisfies the definition "of an offense [described] under" § 1182(a)(2)(C)(i) for purposes of § 1229b(b)(1)(C), he raises a legal question. *See Orellana v. Barr*, 967 F.3d 927, 932 (9th Cir. 2020) ("Questions of law include the application of law to undisputed or established facts.").

Our jurisdiction is also limited under 8 U.S.C. § 1252(a)(2)(B)(i) because we may not review agency factual findings when reviewing a claim for discretionary relief, including applications for cancellation of removal. *Patel v. Garland*, —— U.S. ——, 142 S. Ct. 1614, 1621–22 (2022). However, as noted above, we have jurisdiction to review legal and constitutional questions pertaining to cancellation of removal. 8 U.S.C. § 1252(a)(2)(D); *see also Ochoa v. Garland*, 71 F.4th 717, 721 (9th Cir. 2023) (noting that, if the question regarding discretionary relief does not pertain to "historical fact," but "can be answered in a law library," we have jurisdiction under § 1252(a)(2)(D).). Accordingly, we consider whether Brahms-Garica met his burden of proving that his conviction does not meet the statutory definition "of an offense [described] under" § 1182(a)(2)(C)(i) and, thus, that the BIA erred in finding him ineligible for cancellation of removal. *See* 8 U.S.C. § 1229a(c)(4)(A)(i).

The agency properly concluded that Brahms-Garcia was ineligible for nonpermanent resident cancellation of removal. Brahms-Garcia's conviction for solicitation to commit delivery of methamphetamine rendered him inadmissible under § 1182(a)(2), and he was therefore statutorily barred from relief under § 1229b(b)(1)(C) because he was "convicted of an offense [described] under" § 1182(a)(2). 8 U.S.C. § 1229b(b)(1)(C).

**PETITION FOR REVIEW DENIED.**